[*Special Term, November,* 1871.]

## JOSEPH A. HEMANN & CO. *v.* FRANZ SCHOENFELD ET AL.

Under the amendment (S. & S. 397) to section 17 of the act of April 6, 1859 (1 S. & C. 713), the court may appoint an assignee and proceed to bring the other creditors of the defendant in upon distribution, after decree, without the notice prescribed, finding that a conveyance of real estate was made to defraud creditors, and for sale, and sale made, to share therein *pro rata.*

A creditor, who had knowledge of the pendency and progress of this proceeding, and did not make himself a party to it, can not, by an independent suit brought afterward, seeking to subject the same property, in which he has taken the necessary steps to bring in the other creditors, and in which the plaintiffs, or any other creditor, did not appear, but has no decree and offers no proof other than the findings in this action, ask that he be entitled to a priority which will give him all the proceeds of the sale, because he has complied with the statute.

*Semble,* that a decree in his action would not authorize the relief he asks.

*Long & Kramer,* for plaintiffs.

*J. R. Challen,* for Richter.

*J. W. Okey,* for Slattery.

HAGANS, J.    This was an action, brought July 11, 1870, against Schoenfeld, to set aside his alleged fraudulent conveyance of an equitable interest in real estate, to defraud, hinder, and delay his creditors, and to subject it to the payment of a judgment for $3,014 and costs, obtained by the plaintiffs against Schoenfeld, having, before bringing suit, levied an execution thereon.   Several mortgagees were made parties and answered, as well as the owners of the fee, claiming their lien.   The cause was heard, and a decree rendered at the March term, 1871, in which the court found for the plaintiffs, and adjudged that the alleged conveyance be wholly annulled and set aside, and ordered a a sale.   The court also found the claim of Longworth and Anderson, executors, the owners of the fee, was the first lien, and found that plaintiffs were also entitled to be paid

out of the proceeds of sale. The interest of Schoenfeld was sold, bringing $725, subject to the rights of Longworth and Anderson, executors, and the sale was confirmed October 12, 1871. Gottlieb Richter, on the 3d October, 1871, claiming an interest in the premises, was made a party to the proceeding, with leave to answer, and consented to the confirmation of sale, reserving his rights on distribution, which is the question now for determination. Richter answers, and supports it by an affidavit, that he has the best lien, because he alleges that being the owner of an account stated, for $782.23, for goods sold to Schoenfeld, he, on the 7th December, 1870, filed a petition for himself and the other creditors of Franz Schoenfeld, case 26,898, in this court, to set aside the same conveyance and to subject Schoenfeld's interest in the same property to the payment of said debt, under the amendment (S. & S. 397) to section 17 of the act of April 6, 1859 (1 S. & C. 713); that he proceeded to and did advertise, on the 8th December, 1870, for the other creditors of said Schoenfeld to come in according to that section, and that none have done so; and that having applied to the attorneys in this case before he brought his suit to become a party he was refused. The affidavit filed in support of this answer has an extract from the testimony in proceedings in aid of execution had by plaintiffs in the Probate Court of this county, in support of the allegations of this answer. The answer, however, contains no allegations as to the fraud in the conveyance from Schoenfeld to hinder and delay his creditors. The evident purpose of Richter is that this fact shall be found in his favor in the final decree in this case, and then his demand is, that by reason of the truth of his answer, the proceeds of sale shall be decreed to him. In looking into Richter's suit, No. 26,898, it appears that Schoenfeld answers that though he bought of Richter the alleged amount of goods, yet he gave a note therefor, which is not due, and denies any fraudulent conveyance of this property,

and the plaintiff replies. The cause is still pending and undetermined, no judgment having been rendered therein.

It is very apparent that Richter proposes to avail himself of the proceeds of plaintiffs' trial, proof, proceedings, and costs of this suit, amounting now to $511.33; and when the sale has been completed and the proceeds are in court for distribution, through the efforts of the plaintiffs, proposes to come in without other proof and without a decree, and with a claim that may not have been due when suit was brought, and take the whole avails of this suit on the grounds stated.

Now, the plaintiffs, though their suit is framed substantially according to the act named, have not complied with its requirements as to publication for other creditors to come in, yet Richter, who has done so, makes himself a party to this suit, and has substantially consolidated his case with this, without having done one thing or incurred a particle of expense in procuring the decree and the proceeds of sale. His compliance with the law, if necessary, would be held to have accrued for the benefit of the case, and it is evident he ought to have no priority, for he knew of the pendency of this case before he filed his petition, watched its progress, and waited for its successful termination. He might have before made himself a party and aided in it, even when he says he was refused by the plaintiffs' attorneys; and without a particle of proof other than that provided by the plaintiffs, and by virtue of the findings of plaintiffs' decree, and without any decree in his own cause, he asks the whole proceeds of sale. He seems to have carefully avoided making the plaintiffs in this case parties in that, except so far as the general style of his suit is concerned. In fact, the plaintiffs here seem to have had no actual notice of the pendency of Richter's suit, and were first advised of it by his appearance and answer here. It is not too late, now that the attention of the court is called to it, to appoint an assignee, and direct that the other creditors, including Richter, come in, and to proceed

to administer these proceeds according to the provisions in the act named. But it is said that the plaintiffs did not come in, in Richter's suit, and file an answer and cross-petition, nor file an undertaking with security for the payment of their *pro rata* share of the costs and expenses of that action within fifteen days after the expiration of the notice. And it is claimed as a consequence that Richter is entitled to the whole of these proceeds. But besides the fact that Richter's suit is yet pending and undetermined, it will be observed that inasmuch as the plaintiff first had jurisdiction of the cause of action, in which these proceeds were realized, the court may now allow the other creditors to come in, and Richter may come in with them, and share with them in the fund for distribution. And this statement is a complete answer to all the claims made by him for priority. Though Schoenfeld alleged Richter's debt was not due, he waived his defense in the argument, and the case is put, therefore, on the principles stated. The plaintiffs can not, in the way named, be deprived of the whole fruits of their diligence. In view of the smallness of these proceeds, it would be well to have all those entitled to any part of these proceeds to waive further expense by the appointment of an assignee, if possible.

But the plaintiffs claim that, by virtue of the levy of their execution, they have an exclusive lien. The fraud in the conveyance of Schoenfeld was antecedent to this levy, and the finding of the fraud by the court related back to the time of its commission, so that, under the act named, it inured to the benefit of all the creditors, where there is no compliance with the act in the matter of notice.

My attention has been called to the claim of Patrick Slattery. It will be enough to say, that in looking into his claim, it presents, if true, great hardship, yet it stands on no better ground than the claim of any other creditor.

The fund may be distributed *pro rata*, on the principle stated, as upon a general assignment for the benefit of creditors.